LESTER BROTHERTON, PLAINTIFF IN ERROR, *v* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANT IN ERROR.

*Exception — necessary to enable appellate court to review the charge on a trial in the Oyer and Terminer —* § 3, *chap.* 337 *of* 1855, *as amended by chap.* 330 *of* 1858, *restricted to trials in New York Sessions.*

WRIT OF ERROR to the Court of Oyer and Terminer in Cayuga to review the conviction of plaintiff of murder in the first degree.

In considering the necessity of an exception to bring any matter before the appellate court, the court at General Term said:

" The objections now made by the counsel for the plaintiff in error to the charge of the judge are not available, for the reason that the charge was not excepted to at the trial. In criminal cases, a writ of error brings up the record and the bill of exceptions, if one has been duly sealed and filed (2 R. S., 736, § 21), and the court to which the writ is returned has no power to review errors of law unless they are raised by exception. (*Hayen* v. *People*, 3 P. C. R., 179; *Keefe* v. *People*, 40 N. Y., 348, 357; *People* v. *Thomson*, 41 id., 1, 5; *Wilke* v. *People*, 53 id., 525; *Slatterly* v. *People*, 58 id., 354).

" An exception to this rule is created by statute. (Laws 1855, chap. 337, § 3). That statute, as amended in 1858 (Laws 1858, chap. 330), is restricted to trials in the Court of Sessions of the city and county of New York. Under that statute, the case of *People* v. *McCann* (16 N. Y., 58), was reviewed, in which a conviction was reversed on the ground of a misdirection in the charge, to which no exception was taken.

" In civil cases, the court may grant a new trial on a case for a misdirection in the charge, even where there is no exception. (*Archer* v. *Hubbell*, 4 Wend., 518; *Benedict* v. *Johnson*, 2 Lans., 94). But the power does not extend to criminal cases.

" Even if we were satisfied that there was a misdirection in this case, we could not, therefore, grant a new trial on that ground, there being no exception to the charge"

*J. D. Fuller*, for the plaintiff in error. *S. E. Payne* (district attorney), for the defendant in error.

Opinion by SMITH, J.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Conviction affirmed, and proceedings remitted to the Court of Oyer and Terminer in Cayuga to fix another day for the execution of the sentence.